IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROLANDO REYES, JR. § | | |
| Plaintiff, § | | |
| § | | CIVIL ACTION NO. 3:22-cv-00114 |
| VS. § | | |
| § | | |
| JOHNNY CAGLE, ET AL § | | JUDGE BROWN |
| Defendants § | | JURY DEMANDED |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

TO THE COURT:

Pursuant to, Defendants **CITY OF LAKE JACKSON AND JOHN DOE ("COLJ")** files this Reply to Plaintiff Reyes' Motion to Strike COLJ's FRCP 12(b)(6) Motion to Dismiss certain 42 U.S.C. §1983 claims made by Plaintiff, and in support thereof will show as follows:

### STRIKE FACTS

1. In this case, Reyes alleges that, since COLJ did not comply with Galveston District Court Local Rule 6, that its motion should be entirely struck. If this Court considers the unintentional and inadvertent failure of COLJ to comply with its local rule to confer with Reyes' counsel as preventing this Court from evaluating the merits of COLJ's dismissal motion, COLJ will request this Court consider its ability to review this complaint sua sponte to ascertain whether it states a claim for which relief. A district court may dismiss sua sponte a complaint for failure to state a claim "*as long as the procedure employed is fair.*" *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014); *See gen. Martin v. Scott,* 156 F.3d 578, 580 n. 2 (5th Cir.1998) (per curiam).

**CLAIMS/PLEADINGS**

2.     The first time a supervisor is mentioned is when "*Cagle, while sitting on Plaintiff, explained to his supervisor what had happened*" (Original Complaint ¶41). The second time a supervisor is mentioned is the claim that "*Plaintiff tried to tell Defendant Officers, including Defendant Doe, that he was not reaching for anything. He was ignored*" (Original Complaint ¶46). The third time a supervisor is mentioned is the claim that "*Defendant Doe did not have his officers on scene investigate the situation, even though Defendants Cagle and Mendoza had used physical violence against Plaintiff*" (Original Complaint ¶47). The fourth time a supervisor is mentioned is the claim that "*Defendant Doe approached the patrol car where Plaintiff was waiting… Defendant Doe agreed to call Plaintiff's wife and inform her what had happened*" (Original Complaint ¶54). The fifth time a supervisor is mentioned is the claim that "*While on the phone with Plaintiff's wife, Defendant Doe said that Plaintiff was being arrested for Resisting Arrest and for Simple Assault of a Peace Officer*" (Original Complaint ¶55).

The sixth time a supervisor is mentioned is the claim that "*Defendants Cagle, Mendoza and John Doe knew that Plaintiff sustained head and back injuries that required immediate medical attention*" (Original Complaint ¶100). The seventh time a supervisor is mentioned is the claim that "*Defendants Cagle, Mendoza and John Doe knowingly failed to provide or get immediate, necessary medical care for Plaintiff's serious medical need in deliberate indifference to the risk of serious harm to Plaintiff*" (Original Complaint ¶101). The eighth time a supervisor is mentioned is the claim that "*Defendant John Doe observed Defendant Cagle unlawfully arrest Plaintiff… Defendant John Doe knew that Plaintiff did not commit any crime but did not prevent Defendant Cagle from violating Plaintiff's constitutional rights or intervene to stop the violations*" (Original Complaint ¶109). The ninth time a supervisor is mentioned is the claim that

"*Defendants Mendoza and John Doe had ample opportunity and time to intervene*" (Original Complaint ¶112). The tenth time a supervisor is mentioned is the claim that "*Defendants Mendoza and John Doe intentionally…allowed their fellow officers to use excessive force against Plaintiff and otherwise violate Plaintiff's constitutional and statutory rights*" (Original Complaint ¶114). The eleventh time a supervisor is mentioned is the claim that "*Defendant John Doe was on the scene and did nothing to prevent the constitutional violations and failed to train or supervise Defendants Cagle and Mendoza*" (Original Complaint ¶125). The twelfth time a supervisor is mentioned is the claim that "*The failure of Defendant John Doe… failed to train or supervise Defendants Cagle and Mendoza demonstrates deliberate indifference to the constitutional rights of the Plaintiff*" (Original Complaint ¶132).

**ARGUMENT & AUTHORITIES**

3.  As this Court knows, §1983 does not create supervisory or respondeat superior liability. Individual officials may be liable only for implementing a policy that is "*itself a repudiation of constitutional rights*" and "*the moving force of the constitutional violation.*" *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir.1985). Reyes' complaint fails to identify specific policies or explains how John Doe Supervisors permitted or possibly encouraged arrests based on videotaping an accident scene from a public space. Reyes' complaint does not affirmatively show any participatory act by a John Doe Supervisor causing a constitutional deprivation, or the implementation of unconstitutional policies by a John Doe Supervisor causing a constitutional deprivation. Reyes' complaint does not show how a John Doe Supervisor failed to supervise or train Officers Cagle and Mendoza and a specific link between the failure to train or supervise and the violation of the Plaintiff's rights and how the failure was the product of John Doe Supervisor's deliberate indifference.

With respect to pleadings, as this Court knows, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) stands for the proposition that conclusory, formulaic recitations of the elements of a constitutional violation in a complaint are not entitled to the assumption of truth. Therefore, pleading that a Defendant acted knowingly, intentionally, willfully, etc. are conclusory and will not prevent the entry of an order consistent with a FRCP 12b(6) dismissal motion. As this Court also knows, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) stands for the proposition that a complaint that pleads facts merely consistent with a defendant's liability "*stops short of the line between possibility and plausibility*" *Id.* at 557.

**Supervisor Liability**

4.      With respect to a supervisor, one is only liable for their own misconduct. In the context of determining whether there is a violation of a clearly established right to overcome qualified immunity, purpose, rather than knowledge, is required to impose liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from superintendent responsibilities.

It is COLJ's position that even if this Court accepts allegations in ¶¶ 41, 47, 54 & 55 as true, such do not show a participatory act, or an unconstitutional policy implemented by John Doe Supervisor causing a constitutional deprivation or a specific link between John Doe Supervisor's failure to train or supervise and the violation of the Plaintiff's rights and how the failure was the product of John Doe Supervisor's deliberate indifference.

It is COLJ's position that even if this Court accepts allegations in ¶¶ 100 & 101 as true, such do not specify how John Doe Supervisor acted in not providing reasonable medical care to Reyes and how such was the product of deliberate indifference.

It is COLJ's position that even if this Court accepts allegations in ¶¶ 109, 112, 114 & 125

as true, such do not specify how John Doe Supervisor knew that Defendants Cagle and/or Mendoza's decision to detain Reyes was not based on probable cause and violated his constitutional rights and does not specify how John Doe Supervisor had a reasonable opportunity to prevent the constitutional but chose not to act.

It is COLJ's position that even if this Court accepts allegations in ¶132 as true, such do not specify whether and how John Doe Supervisor training Defendants Cagle and/or Mendoza was defective and how such caused a violation of Reyes' constitutional rights.

**Municipal Liability**

5.  With respect to training, the complaint does not specify a municipal custom or policy (being a moving force behind an alleged constitutional injury) by COLJ to create liability. *See Monell vs. Dept. of Social Services,* 436 U.S. 658 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001). To state a "*cognizable failure-to-train claim, a plaintiff has to plead facts plausibly demonstrating that (1) the municipality's training procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the violations in question*." *Anokwuru v. City of Houston*, 990 F.3d 956, 965 (5th Cir. 2021).

With respect to supervision, COLJ is not responsible for alleged constitutional violations committed by Officers Cagle and Mendoza due to inadequate supervision without proof of specific policies or procedures related to supervision that COLJ had in place that resulted in the arrest of Reyes and/or policies and procedures that if established would have reduced the likelihood of the arrest and the failure to establish such policies or procedures was the result of deliberate indifference of the consequence of arrests similar to and preceding Reyes for similar conduct. All that is proffered by Reyes is a series of conclusory allegations about alleged

supervision failures. *Monell*, "*we conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory*".

With respect to punitive damages, *City of Newport v. Fact Concerts,* 453 U.S. 247 (1981) stands for the proposition that municipal entities are not liable under 42 U.S.C. §1983.

**Therefore**, Defendant, The City of Lake Jackson and John Doe request that this Court dismiss Plaintiff Rolando Reyes, Jr.'s training, supervision, and punitive damage claims with prejudice and that they recover any costs associated with responding to such claims; and grant Defendants such other and further relief to which they may show themselves entitled at law and/or equity.

Respectfully submitted,

**CALLIER LAW GROUP PLLC**

*/s/Joseph Alan Callier*
Joseph Alan Callier
SDT Bar No.: 5447
SBN: 03663500
Megan Elizabeth Callier
SBN: 24097448
4900 Woodway, Suite 700
Houston, Texas 77056
Telephone: (713) 439-0248
Telecopier: (713) 439-1908
Email: callier@callierlawgrouppllc.com
mcallier@callierlawgrouppllc.com
Attorneys for Defendants
**CITY OF LAKE JACKSON AND JOHN DOE**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record by either hand delivery, certified mail, return receipt requested, or facsimile, on the 20th day of June, 2022.

                                              */s/Joseph Alan Callier*
                                              Joseph Alan Callier