IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **ROLANDO REYES, JR.** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **3:22-cv-00114** |
| VS. | § | |
| | § | |
| **JOHNNY CAGLE, ET AL** | § | **JUDGE BROWN** |
| **Defendants** | § | **JURY DEMANDED** |

## DEFENDANT'S AMENDED MOTION TO DISMISS

**TO THE COURT:**

Pursuant to FRCP 12(b)(6), Defendant **CITY OF LAKE JACKSON, ("COLJ")** files this Motion to Dismiss 42 U.S.C. §1983 claims, and in support thereof will show as follows:

## FACTS

1.  In this case, Reyes alleges that his arrest on or about March 4, 2022 by Officers Cagle and Mendoza, for using his cell phone to record a motor vehicle accident scene from a public place, violated a clearly established constitutional right and created liability for The City of Lake Jackson, Texas. As a result of the arrest, Reyes seeks compensatory damages from the City of Lake Jackson and compensatory and punitive damages against Officers Cagle and Mendoza for

1

conduct committed "*under color of state law in the performance of his duties as a Lake Jackson police officer…within the scope of their employment*". Plaintiff's Second Amended Complaint, Pgs.4-5, ECF 23.

## ARGUMENT & AUTHORITIES

2.     As this Court knows, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face ("*[A] formulaic recitation of the elements of a cause of action will not do.*") *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that pleads facts merely consistent with a defendant's liability "*stops short of the line between possibility and plausibility*" *Id.* at 557.

In this case, Reyes alleges that Officers Cagle and Mendoza retaliated against him for the exercise of First Amendment protected speech activities resulting in his arrest. Reyes claims that needed medical care as a result of the arrest was delayed in violation of a detainee's right to receive prompt care. Reyes claims that an Officer on the scene failed to intervene to prevent a constitutional violation. Reyes claims that the force used to make the arrest was excessive in violation of constitutional rights. Reyes claims that if Officers were adequately disciplined, trained, and supervised by the COLJ then the alleged constitutional violations suffered by him for exercising First Amendment protected speech

2

activities would not have occurred. COLJ contends that pleadings in the Second Amended Complaint fail to contain specific examples of customs or policies that were a moving force behind Reyes alleged constitutional injuries making a dismissal under FRCP 12(b)(6) appropriate.

**Medical Care**

3. As this Court knows, the Fourteenth Amendment guarantees pretrial detainees a right "*not to have their serious medical needs met with deliberate indifference on the part of the confining officials.*" *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001) (citing, *inter alia*, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To succeed on a deliberate-indifference claim, Reyes must show that (1) the official was "*aware of facts from which the inference could be drawn that a substantial risk of serious harm exists*," and (2) the official actually drew that inference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "*Deliberate indifference is an extremely high standard to meet.*" *Id*. at 756.

In this case, there are no facts alleged that COLJ Officers were aware of information that could lead to the inference that Reyes was experiencing a medical emergency; (2) drew the inference and was subjectively aware of how serious the situation was; and (3) disregarded Reyes' medical emergency, despite appreciating

its existence. *Farmer v. Brennan*, 511 U.S. 825, 834-47 (1994). To the contrary, Reyes appeared to suffer only superficial scrapes and bruises that do not appear to reach the medical emergency threshold and certainly would not create subjective awareness by Officers on the scene that Reyes's scrapes and bruises (Plaintiff's Second Amended Complaint, ECF 23, Pgs. 34-35) were serious, and disregarded his alleged need for medical care at a hospital in addition to the care received at the scene from a certified paramedic (as reflected in the body cam video). Consistent with FRCP 12(b)(6), COLJ requests that Reyes' failure to provide medical care claims against it be dismissed, because the pleadings do not state a claim for which relief can be granted.

**Intervention**

4. *"[A]n **officer who is present at the scene** and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983."* *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). As this Court knows, liability under *Monell vs. Dept. of Social Services,* 436 U.S. 658 (1978) requires an official municipal policy (decisions of a government's lawmakers, the acts of its policymaking officials) and actual or constructive knowledge of practices so persistent and widespread by the municipality or the official who had policymaking authority as to practically have the force of law

4

causing the alleged violation of Reyes' constitutional rights through the First and Fourth Amendments. The amended complaint does not provide fact-based allegations of a policy or previous incidents giving rise to a custom involving COLJ Officer Mendoza for failing to intervene to prevent an officer's violation of a citizen's First Amendment right to videotape police activities or be free from excessive force during an arrest, consistent with the Fourth Amendment.

**Excessive Force**

5.      As this Court knows, municipal entities, like COLJ, do not have respondeat superior liability for claims made under 42 U.S.C. §1983; only constitutional claims based on municipal custom or policy (being a moving force behind an alleged constitutional injury) creates liability. A §1983 plaintiff must demonstrate that, through a municipality's deliberate conduct, it was the moving force behind a constitutional injury. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Without specific pleadings about incidents whereby COLJ Officers used excessive and objectively unreasonable force to effectuate an arrest, the claim should be dismissed. "*An officer violates the Fourth Amendment when an arrestee 'suffers an injury that results directly and only from a clearly excessive and objectively*

*unreasonable use of force.*'" *Cloud v. Stone*, 993 F.3d 379, 384 (5th Cir. 2021).

**Discipline**

6. With respect to failure to discipline claims against COLJ, a City policy of inadequate officer discipline could be unconstitutional if it was pursued with deliberate indifference toward the constitutional rights of citizens. *See Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001). The issue for this Court is whether proof of the existence of such a policy is reflected in the amended complaint, which does not contain any example of systematic inattention by COLJ to citizen complaints about officers restricting the right of citizens to video police activities. Therefore, consistent with FRCP 12(b)(6), COLJ requests that Reyes' failure to discipline claims against it be dismissed, because the pleadings do not state a claim for which relief can be granted.

**Training**

7. Municipal entities, like COLJ, do not have respondeat superior liability for claims made under 42 U.S.C. §1983; only constitutional claims based on municipal custom or policy as a moving force behind an alleged constitutional injury creates liability. See *Monell vs. Dept. of Social Services,* 436 U.S. 658 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001). To state a "*cognizable failure-to-train claim, a plaintiff has to plead facts plausibly demonstrating that (1) the*

*municipality's training procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the violations in question.*" *Anokwuru v. City of Houston*, 990 F.3d 956, 965 (5th Cir. 2021) (citing *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009)).

Additionally, "*[i]n order for 'liability to attach based on an "inadequate training" claim, a plaintiff must allege with specificity how a particular training program is defective.'*" *Id*. (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010)). And the "*plaintiff must plausibly allege that the municipality was deliberately indifferent to the need for proper training. A plaintiff may do so by alleging that the municipality had "[n]otice of a pattern of similar violations," which were "fairly similar to what ultimately transpired." Sanders-Burns v. City of Plano, 594 F.3d 366, 381 (5th Cir. 2010)*" *Anokwuru* at 965-66 (emphasis added), *See Gomez v. Galman*, 18 F.4th 769 (5th Cir. 2021).

This Court should analyze whether the training of Officers Cagle and Mendoza was adequate for the tasks that they were required to perform (investigate a motor vehicle collision and respond to crowd control). That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on a municipality, for the officer's shortcomings may result from factors other than a

7

faulty training program. *Oklahoma City v. Tuttle,* 471 U.S. 808 (1985).

Reyes has failed to adequately plead deliberate indifference, which requires a pattern of similar conduct. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011). Reyes does not allege similar actions by other officers, and his pleadings fail to provide a plausible inference that this single arrest event involving Officers Cagle and Mendoza could give support *Monell* liability. See *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989) (hypothesizing that a city giving officers firearms and requiring them to arrest fleeing subjects without training could create single incident liability).

Therefore, consistent with FRCP 12(b)(6), COLJ requests that Reyes' failure to train claim be dismissed against it because the pleadings do not state how a specific training program that was defective and/or do not allege the complete absence of training for the Officers in question and how such reflects deliberate indifference by COLJ to such defective, or nonexistent, training.

**Supervision**

8.  With respect to supervision claims against COLJ, the holding in *Monell* is controlling "*[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory*".

8

To be actionable under § 1983, the failure to supervise must amount to deliberate indifference to the rights of persons with whom Officers are likely to come into contact. Therefore, pleadings by Reyes must show that: "*(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.*" *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir.1998). "*For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.*" *Id.* at 912 (internal quotation omitted). To establish deliberate indifference, "*a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation.*" *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir.2003) (internal quotation omitted).

With respect to supervision claims against COLJ, supervisors arrived after the arrest and, since they did not have the ability to review video at the scene, they did not know whether conduct attributable to Officers Cagle and Mendoza violated Reyes' clearly established constitutional right to be free from an arrest due to his potential violation of Texas Penal Code §22.01 (Assault of a public servant)

9

§38.13 (Hindering Proceedings by Disorderly Conduct) and/or §38.15 (Interference with Public Duties). Through a series of conclusory allegations about supervision, Reyes seeks to hold COLJ responsible for the conduct of Officers Cagle and Mendoza; however, the complaint does not allege facts reflecting a pattern of constitutional violations due to inadequate Officer supervision; therefore, supervision claims against COLJ should be dismissed.

**Punitive Damages**

9. As this Court knows, municipal entities, like the City of Lake Jackson, Texas, are not liable for punitive damages under 42 U.S.C. §1983. See *City of Newport v. Fact Concerts,* 453 U.S. 247 (1981). Therefore, to the extent that Officers Cagle and Mendoza are sued in their official capacities, making this a suit against COLJ then, consistent with FRCP 12(b)(6), COLJ requests that Reyes' punitive damage claim against it be dismissed because the pleadings do not state a claim for which relief can be granted.

**Therefore**, Defendant, The City of Lake Jackson requests that this Court dismiss Plaintiff Rolando Reyes, Jr.'s medical care, intervention, excessive force, discipline, training, supervision, and punitive damage claims contained in the Second Amended Complaint with prejudice and that they recover any costs associated with responding to such claims; and grant Defendant such other and

further relief to which they may show themselves entitled at law and/or equity.

Respectfully submitted,

**CALLIER LAW GROUP PLLC**

*/s/Joseph Alan Callier*
Joseph Alan Callier
SDT Bar No.: 5447
SBN: 03663500
Megan Elizabeth Callier
SBN: 24097448
4900 Woodway, Suite 700
Houston, Texas 77056
Telephone: (713) 439-0248
Telecopier: (713) 439-1908
Email: callier@callierlawgrouppllc.com
mcallier@callierlawgrouppllc.com
Attorneys for Defendants
**CITY OF LAKE JACKSON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record by either hand delivery, certified mail, return receipt requested, or facsimile, on the 8th day of September, 2022.

*/s/Joseph Alan Callier*
Joseph Alan Callier